NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOHN W. FINK, | : |
| Plaintiff, | : |
| v. | : Civil No. 21-00063 (RBK/SAK) |
| JONATHAN L. BISHOP, ET. AL., | : **OPINION** |
| Defendants. | : |

**KUGLER**, United States District Judge:

Presently before the Court are Defendants Flaster Greenberg P.C. ("F.G."), Philip Kirchner ("Kirchner"), Suez WTS USA, Inc. ("Suez"), and Steven W. Davis ("Davis"), Motions to Dismiss (Doc. No. 7, 33), Defendant F.G. and Kirchner's Motion for Sanctions (Doc. No. 8), and Plaintiff's Motions for Leave to File an Amended Complaint Pursuant to Rule 15(a)(2) (Doc. No. 22, 37). For the reasons set forth below, Defendants' Motions are **GRANTED** in part**,** and Plaintiff's Motions are **DENIED**.

**I.    BACKGROUND**

Plaintiff's one-hundred fifteen-page, eighteen count complaint attempts to rehash previously litigated claims under the guise of Rule 60(d). Because Plaintiff's allegations fall woefully short of satisfying the exacting Rule 60(d) grave miscarriage of justice standard, and his claims are barred by claim preclusion, they will be dismissed with prejudice.

**A.    Factual Background**

**i.    The Genesis of the Dispute**

1

In late 2000, John W. Fink, began working as a financial consultant for Advanced Logic Systems, Inc. ("ALSI"), a New Jersey software development firm founded by Defendants Johnathan Bishop and Kaydon Stanzione. (Doc. No. 1, Compl. at ¶¶ 20–21). In mid-2001, Mr. Fink entered into a series of credit agreement with ALSI, extending it over $835,000 for working capital, and in return, Mr. Fink received rights to purchase a certain amount of stock in ALSI. (*Id.* at ¶¶ 21–25).

In March of 2003, Mr. Fink filed suit against ALSI, Stanzione, and other related entities in the New Jersey Superior Court, claiming breaches of the various credit agreements. (*Id.* at ¶ 32). Over three years later, the parties entered into a settlement agreement. (*Id.* at ¶ 54). Sometime shortly thereafter, Mr. Fink hired Defendants Philip Kirchner and his firm Flaster Greenberg, P.C. to represent him. (*Id.* at ¶¶ 32, 55, 59).

In July of 2007, Mr. Fink filed a complaint against ALSI claiming it breached the terms of the settlement agreement; Defendant Kirchner represented him in this litigation. (*Id.* at ¶¶ 59–60). After a hearing in state court, the matter was referred to binding arbitration. (*Id.* at ¶ 64). Mr. Fink alleges that during the arbitration Defendant Kirchner altered an email which effectively sabotaged his chances of recovering against ALSI. (*Id.* at ¶ 82). In July of 2008, the arbitrator issued a final decision finding that ALSI did not breach the settlement agreement, but that it did owe Mr. Fink the fees he incurred in enforcing the agreement. (*Id.* at ¶ 101–102). Ultimately, ALSI filed for bankruptcy in October of 2008, and Mr. Fink's state court case was dismissed. (*Id.* at ¶ 104).

> ii. **Offshoots:** *Fink v. EdgeLink*, *Fink v. Bishop*, **and** *Fink v. Kirchner*

Approximately one year after the dismissal of Mr. Fink's state court case, he filed the first of four lawsuits that stemmed from this original dispute. The first, filed in October of 2009

against Defendant EdgeLink, Inc., claimed that Defendant Stanzione, the co-owner of ALSI, fraudulently transferred its valuable assets to Advanced Logic *Services*, Inc., and then eventually to EdgeLink in order to deprive Mr. Fink of his rightful ownership of the assets. (*Id.* at ¶¶ 120–159). Judge Hillman presided over this case and ultimately granted summary judgment in favor of Defendants finding that Mr. Fink presented no evidence of successor liability nor fraudulent transfer. (*Id.* at ¶¶ 160–167). The Third Circuit affirmed this decision on appeal. (*Id.* at ¶ 175); *see also Fink v. EdgeLink, Inc*., 553 F. App'x 189, 190 (3d Cir. 2014).

The second lawsuit, Fink v. Bishop, involved allegations that Defendants Steven Davis and Suez WTS USA, Inc., ("Suez" formerly GE Betz) fraudulently concealed evidence in connection with Mr. Fink's investigation of ALSI's bankruptcy proceeding and his lawsuit against EdgeLink. (*Id.* at ¶ 182). Judge Hillman again presided over this action and dismissed Plaintiff's complaint due to issue preclusion and failure to meet the heightened pleading standard for fraud. (*Id.* at ¶ 234). The Third Circuit again affirmed Judge Hillman's decision. (*Id.* at ¶ 248).

The third suit concerned Defendants Kirchner and Flaster Greenberg alleged malpractice during the 2007 arbitration and their alleged attempt to extort money from him for unpaid legal bills. (*Id.* at ¶ 257). Mr. Fink claimed that Defendants committed legal malpractice, breach of their fiduciary duty, and fraud. (*Id.* at ¶ 263). These claims, and a short-lived spoliation claim, were resolved in favor of Defendants at summary judgment because Mr. Fink failed to establish causation. (*Id.* at ¶ 318). The Third Circuit also affirmed Judge Hillman's decision on appeal. (*Id.* at ¶ 350). Mr. Fink's petition for writ of certiorari was subsequently denied by the Supreme Court. (*Id.* at ¶ 356).

The fourth and final lawsuit was filed on April 3, 2019, against Judge Hillman and the same defendants as the third lawsuit. (*Id.* at ¶ 358). Mr. Fink contended that Judge Hillman committed fraud on the court when he ruled in favor of Defendants. (*Id.*). Judge McNulty presided and dismissed Mr. Fink's claims against Judge Hillman and the other judicial defendants due to judicial immunity. (*Id.* at ¶ 365). Mr. Fink's claims against the other defendants were dismissed because they were barred by claim preclusion. (*Id.* at ¶ 370).

On December 11, 2020, Mr. Fink filed the current complaint in the District Court for the Southern District of New York asserting eighteen counts against Defendants Jonathan Bishop, Kaydon Stanzione, Joseph Troupe, Steven Davis, Suez WTS USA, Inc., ADT Inc., EdgeLink, Inc., Praxis Technologies Corporation, Praxis Technologies, Inc., Philip Kirchner, and Flaster Greenberg, P.C. (Doc. No. 1). The case was subsequently transferred to this Court. (Doc. No. 3). On January 15, 2021, Defendants Flaster Greenberg and Philip Kirchner moved to dismiss the complaint and for sanctions and seek a pre-filing injunction. (Doc. No. 7, 8). Defendants Suez and Davis also moved to dismiss the complaint. (Doc. No. 33). Plaintiff opposes these motions and seeks leave to amend. (Doc. No. 22, 37).

## II.      LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Housing Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Affirmative defenses, such as res judicata or the statute of limitations, may raise issues of fact unsuitable for resolution under the Rule 12(b)(6) standards outlined above. In a proper case, however, such defenses may be cognizable on a motion to dismiss where, as here, the necessary facts are "apparent on the face of the face of the complaint" and other documents properly considered on a motion to dismiss. *Rycoline Products, Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997)

Documents properly considered on a motion to dismiss include ones attached to or relied on by the complaint, or ones on which the complaint is based. *In re Burlington Coat Factory Sec, Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Likewise, on a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity. *See*

*Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991); *see also Funk v. Commissioner*, 163 F.2d 796, 800–01 (3d Cir. 1947) (whether a court may judicially notice other proceedings depends on what the court is asked to notice and on the circumstances of the instant case). Thus, for res judicata specifically, a prior decision may be noticed for its existence and its legal effect on the current proceeding. *See, e.g., M&M Stone Co. v. Pennsylvania*, 388 F. App'x 156, 162 (3d Cir. 2010); *Gage v. Warren Twp. Com. & Planning Bd. Members*, 463 F. App'x 68, 71 (3d Cir. 2012).

### III. DISCUSSION[1]

Plaintiff's complaint speaks for itself. He recites the lengthy history of the three cases presided over by Judge Hillman, the one by Judge McNulty, and contends that because both judges allegedly denied him of due process, he should be granted a new trial. Although Mr. Fink makes clear that the entirety of his complaint is premised on the success of his Rule 60(d)(1) and (3) actions, because he proceeds pro se, we will also construe his complaint as attempting to assert independent causes of action.

#### A. Rule 60(d)

Mr. Fink filed this action under Federal Rule of Civil Procedure 60(d) purportedly seeking relief from all prior decisions rendered by Judge Hillman or Judge McNulty because they allegedly denied him due process and Judge Hillman allegedly committed fraud on the court. Defendants Suez and Davis argue Plaintiff has not met the grave miscarriage of justice standard imposed by Rule 60(d) nor shown by clear and convincing evidence that Judge Hillman committed fraud on the court. In response, Mr. Fink throws the kitchen sink. He asserts that

---

[1] Defendants' also raise the entire controversy doctrine and statute of limitations as independent bars to Plaintiff's claims. However, we need not address these issues because the claims against Defendants are resolved by claim preclusion.

6

Judge Hillman denied him due process by giving zero weight to much of the physical evidence he produced, accepting the defendants' statements and testimony as truthful in the face of contradictory evidence, used "extrajudicially sourced facts" in his opinion, and mischaracterized his statements.

Rule 60(d)(1) permits the court "to entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). Relief under Rule 60(d)(1) is available only in extraordinary circumstances where it is necessary to prevent a grave miscarriage of justice. *See Jackson v. Danberg*, 656 F.3d 157, 166 (3d Cir. 2011) (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)). The petitioner must show a meritorious claim or defense and relief "is reserved for the rare and exceptional case where a failure to act would result in a miscarriage of justice." *Sharpe v. United States*, 2010 WL 2572636, at *2 (E.D. Pa. June 22, 2010).

Mr. Fink's argument under Rule 60(d)(1) that Judge Hillman denied him of due process seems to invoke Rule 60(b)(4) because he is essentially arguing that the prior judgment or decision is void. Rule 60(b)(4) provides relief from judgment if "the judgment is void." Fed.R.Civ.P. 60(b)(4). Under Rule 60(b)(4), "'[a] judgment is not void' . . . 'simply because it is or may have been erroneous.'" *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (quoting *Hoult v. Hoult*, 57 F.3d 1, 6 (1st Cir.1995)). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Johnson v. Rardin*, 700 F. App'x 170, 172 (3d Cir. 2017).

Mr. Fink's assignment of legal errors allegedly committed by Judge Hillman smacks more of disagreement with the rulings rather than a true charge of partiality and is wholly

7

insufficient to demonstrate even a specter of bias. *See Liteky v. United States*, 510 U.S. 540, 554, (1994) (recognizing that adverse judicial rulings almost never constitute a basis for finding judicial bias); *see also Pierre v. Beebe Hosp./Med. Ctr.*, No. CV 13-2102-SLR, 2015 WL 2064406, at *2 (D. Del. May 4, 2015) (concluding the plaintiff's assignment of legal error, without more, does not justify granting relief under Rule 60(b)(4)).

Likewise, Mr. Fink's contentions regarding fraud upon the court are in substance the same and thus, they too fail. Rule 60(d)(3) allows a court to set aside a judgment through an independent action for fraud on the court. Fed. R. Civ. P. 60(d)(3). For these actions, the Court of Appeals for the Third Circuit has determined they are permitted only in the case of "the most egregious misconduct directed to the court itself," and it "must be supported by clear, unequivocal, and convincing evidence." *Herring v. United States*, 424 F.3d 384, 387 (3d Cir.2005). The requirements such a claim must meet, are: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." *Id.* at 386.

Mr. Fink claims Judge Hillman committed fraud upon the Third Circuit by failing to view certain evidence in the light most favorable to him and then incorporating unfavorable evidence and excluding the favorable evidence from his opinion. The problem with this argument, which Defendants point out, is that Mr. Fink raised these points on appeal, and they were rejected. (Doc. No. 1, Compl. at ¶¶ 172–174). There can be no deception when Mr. Fink presented these arguments and *the entire record* to the Third Circuit for review. Thus, while Mr. Fink attempts to use Rule 60(d)(3) as a vehicle for disagreement with the previous decisions, he is pulling the wool over no one's eyes. *800 Servs., Inc. v. AT&T Corp.*, 822 F. App'x 98, 98 (3d Cir. 2020) (explaining that "[l]itigants routinely disagree about how courts should view the evidence" but a

8

"losing party cannot just repackage that disagreement to claim" fraud on the court). Accordingly, Mr. Fink has failed to clear the high bar imposed by Rule 60(d)(1) or (3).

### B. Res Judicata

Defendants Kirchner, Flaster Greenberg, Suez, and Davis request that Plaintiff's complaint be dismissed with prejudice under the doctrine of claim preclusion because he is reasserting the exact same claims that were previously affirmed by the Third Circuit in their favor. Plaintiff does not seem to dispute this contention, rather he argues that claim preclusion should not apply because the instant complaint contains more facts than those previously asserted since he now includes allegations that both Judge Hillman and Judge McNulty deprived him of due process. Plaintiff also argues that claim preclusion should not apply because he is asserting an action under Rule 60(d)(1) and (d)(3). Both arguments are completely meritless.

Claim preclusion applies when three circumstances are present: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action. *Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 279 (3d Cir. 2016). The third factor "generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims." *Id.*

This is not a close case. First, there was a final judgment on the merits because the Third Circuit affirmed Judge Hillman's grant of summary judgment to Defendants Flaster Greenberg and Kirchner for lack of causation. *Fink v. Kirchner*, 731 F. App'x 157, 158 (3d Cir. 2018). Second, this case and the prior case involves the same parties in the same procedural posture— Mr. Fink against Defendants Kirchner and Flaster Greenberg. Third, Plaintiff's claims are in substance identical to the claims previously asserted before Judge Hillman and the Third Circuit. In the current complaint, he asserts six claims against Defendants Kirchner and Flaster

Greenberg, specifically claims for legal malpractice, breach of fiduciary duty, fraud, concealment of evidence, tampering with evidence, and fraud on the court. In the previous complaint, Plaintiff asserted five of these six claims based on the same factual allegations. Therefore, these five claims are clearly barred by claim preclusion. The sixth claim—fraud on the court—simply repackages many of the same allegations into a new legal theory. Thus, it too is barred by claim preclusion.

     Plaintiff's claims against Defendants' Davis and Suez suffer from the same flaws. In counts nine, ten, and twelve of the current complaint Mr. Fink asserts claims of fraudulent concealment and negligent supervision against Defendants Davis and Suez. In the Bishop litigation, he also asserted claims of fraudulent concealment of evidence and negligent supervision against the same Defendants. Although Mr. Fink made slight changes to the fraudulent concealment and negligent supervision claims asserted in the current complaint, they are substantively identical to those asserted in the Bishop litigation, which the Third Circuit affirmed dismissal of with prejudice. *Fink v. Bishop*, 641 F. App'x 134, 138–139 (3d Cir. 2016); *see also Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x. 583, 584 (3d Cir.2006) ("A dismissal that is specifically rendered 'with prejudice' qualifies as an adjudication on the merits and thus carries preclusive effect"). Therefore, counts nine and ten are barred by claim preclusion. Likewise, even though count twelve arguably asserts some new allegations, it is merely a continuation of the "same fraudulent activity" that was previously dismissed with prejudice by the Third Circuit and therefore is insufficient to escape the bounds of claim preclusion. *See 3G Wireless, Inc. v. Metro PCS Pennsylvania LLC*, No. CV 15-6319, 2016 WL 823222, at *5 (E.D. Pa. Mar. 2, 2016) (citing *Foster v. Denenberg*, 616 F.App'x. 472, 473 (3d. Cir. 2015)).

Plaintiff knows his arguments in opposition are futile because they have been repeatedly shot down. Therefore, we need not belabor this point. Simply because Plaintiff has asserted some new factual allegations and a new legal theory does not mean claim preclusion is inapplicable. *Haefner v. North Cornwall Twp.*, 40 F. App'x 656, 658 (3d Cir. 2002) (explaining that claim preclusion applies even where new claims are based on newly discovered evidence, unless the evidence was either fraudulently concealed or it could not have been discovered with due diligence, but finding that the plaintiff's bald and unsupported allegations of fraudulent concealment to avail himself of the application of the exception to the claim preclusion doctrine were not persuasive). What matters is the *essential similarity* of the underlying events giving rise to the claims, not the theory of recovery. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014) (explaining it is not dispositive that plaintiff asserts a different theory of recovery or seeks different relief in the two actions). There is no question that the requisite level of homogeneity is present here. Accordingly, Plaintiff's claims against Defendants are dismissed with prejudice.

### C. Motion for Sanctions

Defendants Flaster Greenberg and Kirchner have conceded that they failed to comply with Rule 11(c)(2) and therefore their motion for sanctions will be denied. *Albibi v. Tiger Mach. Co.*, No. CIV.A. 11-5622 JLL, 2014 WL 3548312, at *2 (D.N.J. July 17, 2014) (denying a motion for sanctions, in part, because the movant failed to send the adversary the actual motion as opposed to an informal letter).

### D. Pre-Filing Injunction

Defendants Flaster Greenberg and Kirchner move for an injunction that prevents Mr. Fink from filing additional complaints against them without the Court's permission. A pre-filing

11

injunction is an exception to the general rule of free access to the courts and its use against a *pro se* plaintiff must be approached with caution. *See In re Oliver*, 682 F.2d 443, 445 (3d Cir.1982). However, pursuant to the all Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin a pro se litigant from future filings so long as the injunction complies with three requirements: (1) the litigant must be continually abusing the judicial process; (2) the litigant must be given notice of the potential injunction and an opportunity to oppose the court's order; and (3) the injunction must be narrowly tailored to fit the specific circumstances of the case. *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir.1993).

Because this Court has not provided Mr. Fink with an opportunity to show cause as to why the Defendants' proposed injunction should be denied, we decline to further evaluate the Defendants' request. However, as discussed throughout this Opinion, the Court notes that Mr. Fink previously commenced a similar action that contained the same general allegations against many of the same parties, which was dismissed. Additionally, Plaintiff has filed a number of appeals and other related actions stemming from the same underlying conduct, all of which have been denied. *See generally, Fink v. EdgeLink*, 553 Fed. App'x. 189, 190 (3d Cir. 2014); *Fink v. Bishop*, 641 F. App'x 134, 136 (3d Cir. 2016); *Fink v. Kirchner*, 731 F. App'x 157, 158 (3d Cir. 2018). Should Mr. Fink file another action premised on the same alleged misconduct, the Court will consider enjoining him from filing similar lawsuits. At that point, the Court will consider whether he is "continually abusing the judicial process" such that a narrowly tailored pre-filing injunction is necessary. *Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. 2013).

### IV.   CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss are granted and therefore Plaintiff's motion for leave to amend the complaint is denied. Defendants Flaster Greenberg and

Kirchner's motion for sanctions and pre-filing injunctions are also denied. An appropriate order follows.

Dated: 8/16/2021                                              s/ Robert B. Kugler
                                                                           ROBERT B. KUGLER
                                                                           United States District Judge